UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONICA MERCADO,<br><br>    Plaintiff,<br><br>    v.<br><br>SALLY BEAUTY SUPPLY LLC, et al.,<br><br>    Defendants. | No. 2:15-cv-02316-KJM-CKD<br><br>ORDER |

        Plaintiff Monica Mercado filed this action against defendants Sally Beauty Supply LLC ("SBS") and Sally Beauty Holdings, Inc., asserting various state law claims for wrongful termination, violations of the California Labor Code, and unfair competition. This matter is before the court on defendants' motion to compel arbitration and stay the case under the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 3, 4. ECF No. 4. Plaintiff opposes the motion. ECF No. 6. The court submitted the matter as provided by Local Rule 230(g). As explained below, the court GRANTS defendants' motion.

I.    BACKGROUND

    A.    Statutory Background

        Section 2 of the FAA provides that written arbitration agreements "evidencing a transaction involving commerce . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. "The FAA

1

thereby places arbitration agreements on an equal footing with other contracts, and requires courts to enforce them according to their terms." *Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63, 67–68 (2010) (internal citations omitted). Section 4 of the FAA allows a party "aggrieved" by the failure of another party "to arbitrate under a written agreement for arbitration" to petition a federal court for an order compelling arbitration in accordance with the terms of the agreement. 9 U.S.C. § 4. The court "shall" order arbitration "upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue." *Id.* Under § 3, a party may apply to a federal court for a stay of the trial of an action "upon any issue referable to arbitration under an agreement in writing for such arbitration." *Id.* § 3.

### B. Procedural Background

On September 14, 2015, Ms. Mercado filed a complaint against her former employer, defendant SBS, in the San Joaquin County Superior Court of California, asserting claims for wrongful termination in violation of public policy, failure to pay meal and rest period compensation, failure to pay timely earned wages, failure to pay wages due at the time of separation from employment, failure to provide accurate wage statements, and unfair competition. ECF No. 1-1. On October 13, 2015, plaintiff amended her complaint to include defendant Sally Beauty Holdings, Inc. ECF No. 1-4. On November 6, 2015, defendants removed the matter to this court based on diversity of citizenship. ECF No. 1. Plaintiff has rejected defendants' request to arbitrate her claims. Holmes Decl. ¶¶ 4–9, ECF No. 4-4.

On February 17, 2016, defendants moved to compel arbitration and stay the case under the FAA. ECF No. 4 ("Mot."). In support of its motion, defendants submitted a copy of the Mutual Agreement to Arbitrate Claims, Barnes Decl. Ex. A, ECF No. 4-3 ("Agreement"), and a copy of an informational handout summarizing the Agreement, *id.* Ex. B, ECF No. 4-3, which defendants provided to employees. Barnes Decl. ¶¶ 3–4, ECF No. 4-2. Plaintiff opposed the motion, ECF No. 6 ("Opp'n"), and defendants replied, ECF No. 9 ("Reply").

### C. Arbitration Agreement

Ms. Mercado signed the Agreement on October 14, 2013 as a term and condition of her continued employment with SBS. Barnes Decl. ¶¶ 3–4. The paragraph titled

2

"Introduction" states in bold face type, "**All disputes covered by this Agreement between me and the Company shall be decided by an arbitrator through arbitration and not by way of court or jury trial.**" Agreement at 1. An acknowledgment at the end of the Agreement, above the signature line, states in bold, uppercase type face, "**BY SIGNING BELOW, I ACKNOWLEDGE THAT . . . THE COMPANY AND I ARE GIVING UP OUR RIGHTS TO A JURY TRIAL AND THAT PURSUANT TO THE TERMS OF THIS AGREEMENT, WE ARE AGREEING TO ARBITRATED DISPUTES COVERED BY THIS AGREEMENT.**" *Id.* at 4.

The Agreement provides that it is governed by the FAA and evidences a commercial transaction. *Id.* at 1, 3. The section titled "Disputes Covered by the Agreement" provides that Ms. Mercado and defendants mutually consent and agree to arbitrate all "past, present or future" disputes arising out of Ms. Mercado's employment with SBS. *Id.* at 1. The section further provides that the arbitrator shall decide "any claim or controversy regarding the Agreement or any portion of the Agreement or its interpretation, enforceability, applicability, unconscionability, arbitrability, or formation, or whether the Agreement or any portion of the Agreement is void or voidable . . . ." *Id.* ("delegation provision").

The section titled "Procedures and Rules" states that the arbitration proceedings "shall be in accordance with the then current Employment Arbitration Rules of the AAA ('AAA Rules')," "except as provided in this Agreement." *Id.* at 3. The section titled "Discovery and Subpoenas" gives each party the right to depose one individual and any expert designated by the other side, to propound document production requests, and to subpoena witnesses and documents, including documents from third parties that are relevant to the case. *Id.* It also allows additional discovery by mutual agreement or where the arbitrator so orders it. *Id.* The section titled "Confidentiality" requires Ms. Mercado and SBS to maintain the confidentiality of the arbitration proceedings, "except: (i) to the extent agreed upon otherwise, (ii) as may be otherwise appropriate in response to a governmental agency or legal process, (iii) as is necessary to enforce, correct, modify, or vacate the Arbitrator's award, or (iv) if the law provides to the contrary." *Id.* at 4.

II.     DISCUSSION

     A.     Applicable Law

The court first addresses the applicable law. As reviewed above, the FAA applies to any written arbitration agreement "evidencing a transaction involving commerce." 9 U.S.C. § 2. The Supreme Court has interpreted the term "involving commerce" broadly, to encompass a full exercise of Congress's commerce power. *Allied-Bruce Terminix Cos. v. Dobson*, 513 U.S. 265, 277 (1995); *Citizens Bank v. Alafabco, Inc.*, 539 U.S. 52, 58 (2003) (upholding *Allied-Bruce Terminix*). For any arbitration agreement covered by the FAA, the court applies the federal substantive law of arbitrability "absent clear and unmistakable evidence that the parties agreed to apply non-federal arbitrability law." *Brennan v. Opus Bank*, 796 F.3d 1125, 1129 (9th Cir. 2015) (applying federal arbitrability law because the agreement at issue did not "expressly state that California law govern[ed] the question of *arbitrability*" (emphasis in original)).

Here, the parties agree that the FAA governs the Agreement and the court independently finds that it does. *See* Mem. P. & A. at 3–4, ECF No. 4-1; Opp'n at 2; Reply at 1. First, the Agreement is covered by the FAA because it evidences a transaction involving commerce. *See* 9 U.S.C. § 2. The Agreement expressly states it evidences a transaction involving commerce, Agreement at 1, 3, and defendants and/or their affiliates sell and distribute their professional beauty products throughout the United States, Barnes Decl. ¶ 2. Second, there is no ambiguity regarding the parties' intent. The Agreement expressly provides that it "shall be construed and interpreted, and its validity and enforceability determined," in accordance with the FAA. Agreement at 3. Federal arbitrability law applies to the Agreement.

     B.     Existence of Agreement to Arbitrate Arbitrability

In deciding whether to compel arbitration, the court generally must determine two "gateway" issues of "arbitrability": (1) whether the parties agreed to arbitrate; and (2) whether their agreement covers the dispute. *Brennan*, 796 F.3d at 1130. However, the arbitrator decides issues of arbitrability where the parties "clearly and unmistakably" agreed to delegate them to the arbitrator. *Id.*; *see Rent-A-Center*, 561 U.S. at 68–69. Courts treat an agreement to arbitrate

4

arbitrability as "simply an additional, antecedent agreement the party seeking arbitration asks the federal court to enforce [under the FAA]." *Rent-A-Center*, 561 U.S. at 70.

Here, the Agreement expressly states that the arbitrator shall decide "any claim or controversy regarding the Agreement or any portion of the Agreement or its interpretation, enforceability, applicability, unconscionability, arbitrability, or formation, or whether the Agreement or any portion of the Agreement is void or voidable . . . ." Agreement at 1. This provision "clearly and unmistakably" demonstrates the parties' intent to delegate disputes regarding the enforceability or unconscionability of the Agreement to the arbitrator. *See Brennan*, 796 F.3d at 1130; *Shany Co. v. Crain Walnut Shelling, Inc.*, No. 11-1112, 2012 WL 1979244, at *9 (E.D. Cal. June 1, 2012). Accordingly, the court finds the parties agreed to arbitrate these arbitrability issues.

### C. Enforceability of Agreement to Arbitrate Arbitrability

As with other arbitration agreements, an agreement to arbitrate arbitrability is valid under § 2 of the FAA unless grounds exist in equity or in law to revoke the contract, and courts can enforce the agreement by compelling arbitration and staying litigation under §§ 3 and 4. *Rent-A-Center*, 561 U.S. at 70. Challenges to the enforceability of an agreement to arbitrate arbitrability under § 2 must be directed specifically to that agreement. *Id.* "[A] party's challenge to another provision of the contract, or to the contract as a whole, does not prevent a court from enforcing a specific agreement to arbitrate," *id.*, because "an arbitration provision is severable from the remainder of the contract," *id.* at 71.

The Supreme Court addressed the enforceability of a delegation provision in *Rent-A-Center*. There, an employee "opposed the motion to compel arbitration on the ground that the *entire arbitration agreement*, including the delegation clause, was unconscionable." 561 U.S. at 73 (emphasis in original). Specifically, the employee argued the agreement was procedurally unconscionable because it was non-negotiable and a condition of employment. *Id.* at 73. He argued it was substantively unconscionable and one-sided because it required arbitration of claims the employee, but not the employer, was likely to bring, and the agreement's fee-splitting arrangement and limitations on discovery favored the employer. *Id.* at 73–74. The Court

1    enforced the delegation provision and compelled arbitration of the arbitrability issues under the
2    FAA because it determined the employee's substantive unconscionability arguments did not
3    contest the enforceability of the precise agreement to arbitrate at issue, namely the delegation
4    provision. *Id.* at 72–74; *see also Brennan*, 796 F.3d at 1133 (enforcing a delegation provision
5    under *Rent-A-Center*).

6    　　　　　The court finds *Rent-A-Center* controlling here. Ms. Mercado, like the plaintiff in
7    *Rent-A-Center*, challenges the validity of the Agreement as a whole, rather than the validity of the
8    specific agreement to arbitrate arbitrability. To set forth a claim for unconscionability under
9    California law, Ms. Mercado must show the Agreement is both procedurally and substantively
10   unconscionable. *See Armendariz v. Found. Health Psychcare Servs., Inc.*, 24 Cal. 4th 83, 114
11   (2000). The court need not address her procedural unconscionability arguments, that the
12   agreement is a contract of adhesion and is unduly confusing, because none of her substantive
13   unconscionability arguments is directed specifically at the delegation provision.

14   　　　　　Plaintiff advances the following five substantive unconscionability arguments:
15   (1) the Agreement is one-sided because it covers employment claims typically filed by the
16   employee, and not by the employer; (2) the Agreement's reference to the AAA rules is
17   unconscionable because it is confusing and the Agreement does not attach a copy of the rules[1];
18   (3) the Agreement's limitations on discovery unfairly benefit the employer, because the employer
19   has greater access to potential witnesses and the employee has the burden of proving intentional
20   discrimination and retaliation; (4) the confidentiality provision infringes the employee's
21   collective bargaining rights by prohibiting the employee from sharing with other employees
22   information she learns through arbitration about the employer's unfair labor practices or
23   violations of labor laws; and (5) the "rules" violate the employee's "due process right to vindicate

---

[1] The court notes the case plaintiff cites, *Zullo v. Superior Court*, 197 Cal. App. 4th 477 (2011), addresses the failure to attach the AAA rules as an issue of procedural unconscionability, rather than one of substantive unconscionability. *See id.* at 485–86. Even if the court were to construe her argument as challenging the Agreement's substantive conscionability, the argument fails because it is not directed specifically at the delegation provision.

6

her statutory rights." *See* ECF No. 6 at 6–9. Regarding the latter, plaintiff does not identify the "rules" at issue or explain how they violate her due process rights. ECF No. 6 at 9.

The Court in *Rent-A-Center* rejected similar arguments relating to the coverage of the agreement and limitations on discovery, finding they did not challenge the specific delegation provision. *See* 561 U.S. at 73–74. Here, like the plaintiff in *Rent-A-Center*, Ms. Mercado challenges the types of employment claims covered by the Agreement, rather than the Agreement's coverage of arbitrability issues. *See* ECF No. 6 at 6. Similarly, she argues the discovery limitations are unconscionable as applied to arbitration of the merits of her fact-bound employment claims; she does not argue they are unconscionable as applied to arbitration of the arbitrability issues. *See* ECF No. 6 at 7–8.

Ms. Mercado likewise appears to argue the confidentiality provision is unconscionable as applied to arbitration of the merits of her employment claims, where she is more likely to learn information about defendant's unfair labor practices or violations of labor laws. *See* ECF No. 6 at 8–9. Finally, Ms. Mercado does not argue the provision incorporating the AAA rules is unconscionable as applied to the delegation provision or argue the specific delegation provision violates her due process rights. ECF No. 6 at 6–7, 9. Nowhere in her opposition does she mention the delegation provision or make unconscionability arguments specific to that provision. Neither does she address or attempt to distinguish *Rent-A-Center*, despite defendants' reliance on that case in their motion. Because plaintiff does not challenge the delegation provision in particular, the court finds it valid and enforceable under § 2. *See Rent-A-Center*, 561 U.S. at 72–74; *Brennan*, 796 F.3d at 1133. Accordingly, the court need not consider the merits of plaintiff's unconscionability arguments, because they are for the arbitrator to decide.

III.   CONCLUSION

For the foregoing reasons, the court GRANTS defendants' motion to compel arbitration and stay the case under §§ 3 and 4 of the FAA. The parties are ordered to submit this matter to arbitration with the American Arbitration Association as provided by the Agreement.

/////

/////

1  This matter is STAYED pending arbitration.  The parties shall notify the court within seven (7)
2  days of the conclusion of arbitration.
3        IT IS SO ORDERED.
4  DATED: June 16, 2016.

                                    UNITED STATES DISTRICT JUDGE